# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br>    SUSAN K. CHARNOK,<br>                            DEBTOR | CHAPTER 7<br>CASE #18-30840-edk |
| JACK E. HOUGHTON, JR,<br>CHAPTER 7 TRUSTEE,<br>                            PLAINTIFF | ADVERSARY PROCEEDING |
| vs. | NO: |
| GASTON VALIN,<br>                            DEFENDANT | |

## COMPLAINT TO AUTHORIZE SALE OF PROPERTY

### **PREFACE**

This is an adversary proceeding seeking an order under Bankruptcy Code § 363(h) authorizing the sale of certain non-debtors' interest in real property located at 6649 Vermont Rte 112, Jacksonville (Windham County), Vermont 05342.

1.  The Plaintiff is Jack E. Houghton, Jr. (hereinafter "the Trustee") in his capacity as Chapter 7 Trustee in the case of Susan K. Charnok, Case #18-30840-edk  The Trustee has a place of business located at 78 Bartlett Avenue, Pittsfield, Massachusetts 01201.

2.   Susan K. Charnok is the Debtor herein and listed her residential address as 139 Francis Avenue, Apartment A, Pittsfield, Massachusetts  01201.

3.   Defendant Gaston Valin is, upon information and belief, a significant other person to the Debtor, residing with her at 139 Francis Avenue, Apartment A, Pittsfield, Massachusetts 01201.

4. The matters set forth herein constitute core proceedings pursuant to 28 U.S.C. §157 (b)(2)(M) and the Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a).

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1409.

## FACTS

6. On September 27, 2018, Susan K. Charnok (hereinafter the "Debtor") filed a Petition for relief under Chapter 7 of the Bankruptcy Code with this Court.

7. Jack E. Houghton, Jr. was appointed as Trustee and continues to serve as Trustee in this case.

8. On Schedule A/B of the Debtor's bankruptcy schedules, in answer to paragraph 1 concerning the Debtor's legal or equitable ownership interest in any residence, building, land or similar property, the Debtor answered "No".

9. On Schedule C of the Debtor's bankruptcy schedules, the Debtor claimed state exemptions; however, she took no exemption in any real estate as she had not listed same on her Schedule A.

10. The Meeting of Creditors in this case took place on October 29, 2018. At the meeting, when asked by the Trustee as to whether or not she had any ownership interest in any real estate, the Debtor replied that she did, being the owner of real property located at 93 Grassy Plains, Bethel, Connecticut, and property located at 6649 Vermont Rte 112, Jacksonville (Windham County), Vermont 05342 (hereinafter "the Property").

11. When asked of the approximate fair market value of the Vermont Property, the Debtor replied that it was worth approximately $100,000. The Debtor testified that she owned the Vermont Property with her significant other, the Defendant Gaston Valin, and that each had an equal ownership interest in same. The Debtor also testified that the Vermont Property was

currently rented to a tenant who was paying the Debtor rent of $900 per month.

    12. The Vermont Property is a residence, together with outer buildings, situated on a hill consisting of approximately three acres of land. The Property is owned jointly by the Debtor and the Defendant Gaston Valin as described in a Vermont Warranty Deed dated November 19, 2009. A copy of the Deed is attached hereto and marked "A".

    13. Neither the Debtor or Gaston Valin reside at the Property. The Trustee avers that a portion of the Property is property of the bankruptcy estate pursuant to 11 U.S.C. § 541. There is no claimed exemption in the Property by the Debtor.

    14. The Trustee is desirous of selling the Property in order to extract the Debtor's one-half interest in same. Partition of the Property between the estate and the Defendant Gaston Valin is impracticable.

    15. The Trustee states that sale of the estate's undivided interest in a portion of the Property would realize significantly less for the estate than sale of the Property free of the interest of the Defendant Gaston Valin.

    16. The Trustee states that the benefit to the estate of a sale of the Property free of the interest of the Defendant Gaston Valin outweighs the detriment, if any thing, to the Defendant Valin.

    17. The Property is not used in the production transmission, or distribution, for sale of electric energy or of natural or synthetic gas for heat, light, or power.

    18. The Trustee therefore states that the sale of the interests of the Debtor Susan K. Charnok and the Defendant Gaston Valin may be authorized by this Court pursuant to 11 U.S.C. § 363(h).

WHEREFORE, the Trustee respectfully requests the following:

1. That this Court enter an order authorizing the Trustee to sell the interests of the Debtor Susan K. Charnok and the Defendant Gaston Valin in the Vermont Property, as described herein, pursuant to 11 U.S.C. §363(h); and

2. For such further relief as this Court deems just.

Dated this 21st day of February, 2019.

/s/ Jack E. Houghton, Jr.
Jack E. Houghton, Jr.,
Chapter 7 Trustee and Plaintiff
78 Bartlett Avenue
Pittsfield, MA 01201
(413) 447-7385
BBO #241040
jhoughtonjr@aol.com