## VERMONT WARRANTY DEED

*KNOW ALL PERSONS BY THESE PRESENTS*, that we, DANIEL G. LACEY and TAMMY K. LACEY, husband and wife, of Halifax, County of Windham and State of Vermont, *Grantors*, in the consideration of One and More Dollars paid to our full satisfaction by GASTON VALIN and SUSAN CHARNOK, of Bridgeport, Connecticut, *Grantees*, by these presents do freely *GIVE, GRANT, SELL, CONVEY AND CONFIRM* unto the said *Grantees*, GASTON VALIN and SUSAN CHARNOK, as joint tenants with right of survivorship, and their heirs and assigns forever, a certain piece of land in the Town of Halifax, in the County of Windham and State of Vermont, described as follows:

Being all and the same land and premises conveyed to Daniel G. Lacey and Tammy K. Lacey by warranty deed of Gladys May, widow, dated October 3, 1983 and recorded October 6, 1983 in Book 32, Page 247 of the Halifax Land Records, which premises are more particularly described on Schedule A attached hereto and incorporated herein by reference.

*TO HAVE AND TO HOLD* said granted premises, with all the privileges and appurtenances thereof, to the said *Grantees*, GASTON VALIN and SUSAN CHARNOK, as joint tenants with right of survivorship, and their heirs and assigns forever, to their own use and behoof forever; and we, the said *Grantors*, DANIEL G. LACEY and TAMMY K. LACEY, for ourselves and our heirs, executors and administrators, do covenant with the said *Grantee*, GASTON VALIN and SUSAN CHARNOK, and their heirs and assigns forever, that until the ensealing of these presents, we are the sole owners of the premises and have good right and title to convey the same in manner aforesaid, that they are *FREE FROM EVERY ENCUMBRANCE*; except as set forth in Schedule A attached hereto; except for real estate taxes for the taxable year commencing July 1, 2009 which the *Grantees* herein assume and agree to pay; and we hereby engage to *WARRANT AND DEFEND* the same against all lawful claims whatever, except as aforesaid.

*IN WITNESS WHEREOF*, we hereunto set our hands and seals this 19th day of November, 2009.

IN THE PRESENCE OF

_Timothy J. O'Connor Jr._  
Witness (As to both)

_Daniel G. Lacey_ (L.S.)
DANIEL G. LACEY

_____  
Witness

_Tammy K. Lacey_ (L.S.)
TAMMY K. LACEY

STATE OF VERMONT
COUNTY OF WINDHAM, SS.

At Brattleboro, in said County, this 19th day of November, 2009, DANIEL G. LACEY and TAMMY K. LACEY personally appeared, and they acknowledged this instrument by them sealed and subscribed, to be their free act and deed.

Before me, _Timothy J. O'Connor Jr._
Notary Public
My Commission Expires: 02/10/2011

HALIFAX, VERMONT
TOWN CLERK'S OFFICE
Warranty Deed
Received for Record
November 20, 2009 at 10:00 A.M.
Recorded in Book 56, Pages 514-515
Halifax Land Records.
Attest: _Laura Sumner_
Town Clerk

Vermont Property Transfer Tax
32 V.S.A. Chap. 231
—ACKNOWLEDGMENT—
Return Rec'd.--Tax Paid--Board of Health Cert. Re c.
Vt. Land Use & Development Plans Act Cert. Rec'd.
Return No. 2009-30
Signed _Laura Sumner_, Clerk
Date November 20, 2009

1

A. SETTLEMENT STATEMENT

U.S. Department of Housing and Urban Development

OMB No. 2502-0265

B. Type of Loan

1. ☐ FHA  2. ☐ FmHA  3. ☐ Conv. Unins.
4. ☐ VA    5. ☐ Conv. Ins.

6. File Number: Vallin09
7. Loan Number:
8. Mortgage Insurance Case:

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| Gaston Vallin<br>Susan Charron<br>568 Brewster Street<br>Bridgeport, CT 06605 | Daniel Lacey<br>Tammy Lacey<br>6649 RT 112<br>Halifax, VT 05342 | |

| G. Property Location | H. Settlement Agent | |
|---|---|---|
| 6649 RT 112<br>Halifax, VT 05342 | Kraser Law Offices, P.C. | |
| | Place of Settlement<br>42 Park Place<br>Brattleboro, VT | I. Settlement Date<br>11/19/2009 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | $54,000.00 | 401. Contract sales price | $54,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | $1,674.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes 10/6/10 to 11/19/10 | $676.57 | 406. City/town taxes 10/6/10 to 11/19/10 | $676.57 |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | $288.29 | 410. Oil | $288.29 |
| 111. | | 411. | |
| 112. | 56,276.48 | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | $56,638.86 | 420. GROSS AMOUNT DUE TO SELLER | $54,964.86 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposit or earnest money | $1,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | $3,710.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | $15,368.43 |
| 205. | | 505. Payoff of second mortgage loan | $30,726.35 |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes to | | 511. County taxes to | |
| 212. Assessments to | | 512. Assessments to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | $1,000.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | $49,804.78 |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT TO/FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | $56,638.86 | 601. Gross amount due to seller (line 420) | $54,964.86 |
| 302. Less amounts paid by/for borrower (line 220) | $1,000.00 | 602. Less reductions in amount due seller (line 520) | $49,804.78 |
| 303. CASH ( ☒ FROM ) ( ☐ TO ) BORROWER | $55,638.86 | 603. CASH ( ☒ TO ) ( ☐ FROM ) SELLER | $5,160.08 |

$55,576.96   $5,150.08

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: • HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services; • Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; • Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. The information requested does not lend itself to confidentiality.

form HUD-1 (3/86)